CLERK'S OFFICE U.S. DIST. COU
AT LYNCHBURG, VA
FILED
OCT 0 4 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEVEN C. STERLING,<br><br>                        *Appellant,*<br><br>v.<br><br>LAWRENCE L. ROSEN,<br><br>                        *Appellee.* | CIVIL NO. 3:07cv00039<br><br><br>MEMORANDUM OPINION and ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on an appeal from an order of the United States Bankruptcy Court for the Western District of Virginia. Appellant seeks review of the Bankruptcy Court's Order lifting the automatic stay and the co-debtor stay that were preventing foreclosure on Appellant's residence. Because Appellant has failed to show an abuse of discretion by the Bankruptcy Court, I must affirm.

## I. BACKGROUND

This case originates with a promissory note executed by Sterling on June 20, 2005 in the amount of $160,000.00 secured by a first deed of trust on his residence. The note bore interest at a rate of 12 % per annum, payable in monthly interest only installments of $1600.00 beginning August 1, 2005 – the remainder payable in full on July 1, 2006. On November 7, 2005, Rosen loaned Sterling an additional $30,000 secured by a second deed of trust on Sterling's residence. Sterling failed to make a scheduled payment and Rosen initiated foreclosure proceedings. On August 21, 2006, Sterling filed a Chapter 13 petition halting the foreclosure sale.

On January 18, 2007, the Bankruptcy Court, on Rosen's motion, entered orders

terminating the automatic stay. Sterling voluntarily dismissed his first bankruptcy case, and represented by new counsel, filed a second Chapter 13 petition on February 14, 2007, which had the effect of renewing the automatic stay. On March 1, 2007 Sterling filed a Chapter 13 plan in which he proposed to make four monthly payments of $1,000.00 while he sought refinancing.

On March 26, 2007, the Bankruptcy Court ruled on Sterling's Motion to Extend the Automatic Stay and Rosen's Motion to Dismiss. United States Bankruptcy Court Judge William Anderson denied Rosen's Motion to Dismiss and granted in part Sterling's Motion stating that "Debtor shall have until July 1, 2007 to pay in full all amounts owing under the two promissory notes evidencing the debts owed … to Lawrence Rosen. If the debtor fails to make such payments in full, the automatic stay imposed under 11 U.S.C. § 362 shall be modified to permit Lawrence Rosen to foreclose." (Appellee's Br. 3.) In addition, Judge Anderson directed Sterling to make monthly payments of $1,000.00. In the event Sterling failed to make the payments, Rosen was entitled to file with the Clerk "a motion for relief from the automatic stay supported by an affidavit stating that the debtor has not made a payment as required by this order." *Id.* The Court warned Sterling that it "may grant such motion without further notice or hearing." *Id.*

Sterling failed to make the payments as scheduled, and on May 24, 2007, Rosen filed a Verified Amended Motion to Lift Stay and a Verified Motion for Relief from Co-Debtor Stay. The Bankruptcy Court entered a Pre-Hearing Order warning Sterling that failure to file a responsive pleading within ten days would be deemed consent to lifting of the stay. On June 15, 2007, no responsive pleading having been filed, the Bankruptcy Court entered an Order lifting the automatic stay and the co-debtor stay. On August 1, 2007, an appeal was taken to this Court.

## II. STANDARD OF REVIEW

A district court sitting as an appellate court in a bankruptcy proceeding reviews conclusions of law *de novo* and findings of fact for clear error. *Banks v. Sallie Mae Servicing Corp. (In re Banks)*, 299 F.3d 296, 300 (4th Cir.2002). A bankruptcy judge's findings of fact will be overturned only if a "review of the entire record leaves [the reviewing court] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985). Finally, a decision committed to the discretion of the bankruptcy court is reviewed for abuse of discretion. *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

## III. DISCUSSION

Appellant challenges the decision of the bankruptcy court to lift the automatic stay on his residence pursuant to 11 U.S.C. § 362(d). The Fourth Circuit has held that "a decision to lift the automatic stay under section 362 of the code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *Robbins*, 964 F.2d at 345. There is no evidence in the record that the bankruptcy judge abused his discretion.

Sterling was on notice that the automatic stay would be lifted if he failed to make the payments mandated by the Bankruptcy Court's Order of March 26, 2007. The Order states "If the debtor fails to make such payments in full, the automatic stay imposed under 11 U.S.C. § 362 shall be modified to permit Lawrence Rosen to foreclose on the [subject property]". (Appellee's Br. 3.) After Sterling failed to make the required payments, Rosen filed a motion to lift the automatic stay and the co-debtor stay. The Bankruptcy Court then entered a Pre-Hearing Order on May 29, 2007 that warned Sterling that failure to file a responsive pleading within ten days would be deemed consent to the relief requested by Rosen. In his June 15, 2007 Order granting

-3-

Rosen's motion to lift the automatic stay Judge Anderson found that Appellant had failed to file a timely response to Rosen's Motion, and therefore granted Rosen's motion.

Appellant asserts that he filed a timely response to the motion lifting the automatic stay. In exhibit 4 of his Brief, Sterling has attached a response to the motion from his attorney dated June 8, 2007. Assuming the authenticity of the document it does not alter the fact that the response was never properly filed. The response was not electronically docked and does not appear anywhere in the Appeal Record. Furthermore, the document has not been stamped as having been filed in person. It is incumbent upon the debtor to ensure that all pleadings are received by the court. If there was a problem with the filing, Appellant could have notified the Bankruptcy Court at the June 18 hearing that he attended.[1]

Appellant has noted in his brief that the 2007 tax assessed value of his property is misstated as $160,350.00. Appellee admits that this was an inadvertent error, and that the correct value is $234,600.00. This is at most a harmless error. The tax assessed value of the house has no effect on the decision to lift the automatic stay.

Appellant alleges various other factual errors by the bankruptcy court, all of which are collateral to the decision to lift the stay. A party challenging a bankruptcy judge's factual findings must overcome a strong presumption of validity. Appellant has failed to present any evidence that the bankruptcy judge committed a clear error that had a material effect on the outcome of the case.

---

[1] Assuming the response had been properly filed, it would still have been appropriate for Judge Anderson to lift the stay. The response neither admits nor denies the allegations in Rosen's Motion, it simply states that more time is needed to refinance the house. At no time has Sterling presented evidence that he actually made the payments mandated by the Bankruptcy Court's March 26 Order. In addition, the issue may be moot because Sterling's bankruptcy case was dismissed on June 18, 2007. Sterling does not appear to challenge the dismissal, only the lifting of the stay. However, the dismissal would have the effect of automatically lifting the stay. See 11 U.S.C. §

## IV. CONCLUSION

Appellant has failed to show that the bankruptcy court abused its discretion in lifting the automatic stay. For the reason stated, the decision of the bankruptcy court is hereby AFFIRMED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ Norman K. Moon
United States District Judge

October 4, 2007
Date

---

362(c)(2)(B).